1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JESSE LUCUS,

           Plaintiff,

   v.

CRAIG KOENIG, et al.,

           Defendants.

Case No. 19-07938  BLF (PR)

**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK**

      Plaintiff,[1] a former California inmate who has been paroled, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against CDCR officials and employees at the Correctional Training Facility ("CTF") where he was formerly incarcerated.  The Court dismissed the amended complaint, Dkt. No. 15, with leave to amend for Plaintiff to correct deficiencies with respect to certain claims.  Dkt. No. 17.  In the alternative, the Court advised that the matter would proceed solely on the claims found cognizable.  *Id.* at 10-11. The time for filing a second amended complaint has passed.  Accordingly, this matter will proceed solely on the cognizable claims discussed below.

///

_____

[1] Plaintiff was granted permission for electronic case filing.  Dkt. No. 16.

## DISCUSSION

### A.      Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.      Plaintiff's Claims

In the screening of the amended complaint, the Court stated the following:

> Plaintiff claims that beginning in 2018, the CDCR began to convert Sensitive Needs Yard ("SNY") inmates to General Population ("GP") at "Non-Designated Programming Facilities" ("NDPF").  Plaintiff claims this plan was published in several memoranda by Defendant Kathleen Allison, the Director of the Division of Adult Institutions, and Secretary Ralph Diaz. [Dkt. No. 15] at 2-3.  Defendant Capt. Julie Garry was the designated point of contact in Defendant Diaz's memoranda.  *Id.* at 3.  Plaintiff was an SNY inmate.  *Id.* at 4.

> Plaintiff met with Defendant Laura Mendez, Correctional Counselor I, in early December 2018, to discuss his transfer to a NDPF.  *Id.* at 3. Plaintiff claims he agreed to a transfer to CRC Norco, but at the actual hearing on December 14, 2018, for which he waived his appearance, Defendant Mendez placed him for a transfer to CTF's Facility D.  *Id.* Plaintiff claims he was not advised of the change nor provided with a copy of the action that was taken, and therefore deprived of his right to due process.  *Id.* at 3-4.  Then on December 20, 2018, he was informed by Defendant Sgt. Stephens that he was being transferred from Facility A to

United States District Court
Northern District of California

United States District Court
Northern District of California

Facility D, and that Plaintiff had 10 minutes to gather his property. *Id.* at 4. Because Plaintiff was aware that many other inmates who had been transferred from Facility A to Facility D just the day before were being hurt, he requested protected administrative segregation ("ad-seg"). *Id.* However, Defendant Stephens informed him that if he refused to be moved, she was supposed to issue him a Rules Violation Report ("RVR") for "refusing housing," that he would be deemed a "program failure," transferred to a "Level III or IV" institution, and potentially lose good conduct credits. *Id.* Plaintiff claims he agreed to the transfer in order avoid this "retaliation." *Id.* at 4-5. He was moved to Facility D that same day. *Id.* at 5. When he and several other inmates arrived at Facility D, staff informed them that there had been multiple incidents the day before and there had been at least 10 physical altercations in the last three days of "converting." *Id.* Defendant Warden Craig Koenig met with the inmates that afternoon to discuss the situation. *Id.* at 5. Defendant Koenig repeated the consequences for those who refused housing in Facility D: they would be issued an RVR, deemed "program failures," and transferred to a higher security level institution. *Id.* He agreed to house the new transfers from Facility A together in Dorm 5, so they could protect one another and use bathrooms and showers with less fear, as well as assigning an additional officer for protection. *Id.* at 6.

The next day on December 21, 2018, Plaintiff and 9 other inmates were using the phones when they were rushed by a group of 28 attackers. *Id.* Plaintiff was kicked repeatedly by five inmates, and suffered injuries to his head, face, neck, hands, and body. *Id.* He was also soaked with pepper spray by Defendant John Doe 1 who arrived on the scene to quell the riot. *Id.* Plaintiff was taken to medical triage, and then to Natividad Hospital for evaluation and treatment. *Id.* He was escorted by Defendant John Doe 2, who did not allow him a change of clothes or a chance to wash the spray off his face or body. *Id.* At the hospital, he was diagnosed with a closed head injury but no broken bones. *Id.* at 6-7. After he was returned to Facility D, he learned that several other inmates had suffered various injuries. *Id.* at 7. Fearful for his life, Plaintiff refused to return to his housing and was placed in ad-seg. *Id.* Defendant John Doe 3 wrote on his ad-seg notice that the reason for the placement was "refusing house/program on a non-designated facility" due to "self-expressed" safety concerns, and that Plaintiff was involved in a riot. *Id.* Plaintiff claims that Defendant Jane Doe twice refused to allow Plaintiff to decontaminate with a shower and get new clothes. *Id.* Then at ad-seg, Defendant John Doe 4 gave him clothes that did not fit, forcing Plaintiff to wear his contaminated clothes, and denied Plaintiff a shower. *Id.* Plaintiff was not allowed to shower until the next day, December 22, 2018, at 2 pm. *Id.* Liberally construed, Plaintiff has

stated cognizable claims for failure to protect from other inmates against Defendants Sgt. Stephens and Warden Craig Koenig, and excessive force against Defendant John Doe 1. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994); *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). The denial of showers by Defendants Jane Doe and John Doe 4 is also cognizable under § 1983 as a violation of the Eighth Amendment. *See Toussaint v. McCarthy*, 597 F. Supp. 1388, 1411 (N.D. Cal. 1984), *aff'd in part and vacated in part*, 801 F.2d 1080 (9th Cir. 1986), *cert. denied*, 481 U.S. 1069 (1987); *Toussaint v. Rushen*, 553 F. Supp. 1365, 1385 (N.D. Cal. 1983), *aff'd in part and vacated in part*, 722 F.2d 1490 (9th Cir. 1984); *see also Shapley v. Wolff*, 568 F.2d 1310 (9th Cir. 1978).

Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See Gillespie*, 629 F.2d at 642; *Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). It is clear from the complaint that Plaintiff simply needs basic discovery to obtain the names of Doe Defendants, i.e., John Doe 1, John Doe 4, and Jane Doe. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999). Plaintiff shall execute a reasonable discovery plan and failure to do so may be grounds for a motion for judgment on the pleadings or summary judgment. Accordingly, once named Defendants are served, Plaintiff must attempt to obtain the name of Doe Defendants through discovery and then move to add their names and request that they be served.

Dkt. No. 17 at 2-5. Based on the foregoing, this action shall proceed against Defendants Sgt. Stephens and Warden Craig Koenig on the failure to protect claim. With respect to the excessive force claim and Eighth Amendment claims against John Doe 1, Jane Doe, and John Doe 4, Plaintiff must provide the Court with the names of these Doe Defendants by the date scheduled in this Order for any served Defendant to file a dispositive motion. Failure to do so will result in the dismissal of these Doe Defendants without prejudice to Plaintiff filing a new action against them.

4

United States District Court
Northern District of California

**CONCLUSION**

For the reasons state above, the Court orders as follows:

1.      Plaintiff has not responded in the time provided by filing a second amended complaint to correct deficiencies in the amended complaint.  Accordingly, this action will proceed solely on the claims found cognizable above and the remaining claims and defendants will be stricken from the amended complaint.  Dkt. No. 15.

The claims against Defendants Kathleen Allison, Laura Mendez, Julie Garry, Ralph Diaz, Keith Henderson, Osborn, Lt. Galvan, and Capt. Chamberlain are DISMISSED from this action with prejudice and without any further leave to amend.  Dkt. No. 17.  The Clerk shall terminate these Defendants from this action.

The Clerk shall also change "Warden Stephens" to "Sgt. Stephens" on the docket.

2.      Plaintiff must provide to the Court the names of John Doe 1, Jane Doe, and John Doe 4 by the dispositive motion date indicated below. *See infra* at 6.  Failure to do so will result in the dismissal of these Doe Defendants without prejudice to Plaintiff filing a new action against them.

3.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, all attachments thereto, and a copy of this order upon **Defendants Sgt. Stephens and Warden Craig Koenig** at the **Correctional Training Facility (P.O. Box 686, Soledad, CA 93960-0686)**.

4.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the amended complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed,

except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty  (60) days from the date on which the request for waiver was sent or twenty (20) days from the date the waiver form is filed, whichever is later.

5.      No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

a.      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

b.      **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

6.      Plaintiff's opposition to the dispositive motion shall be filed with the Court no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential

element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

7.      Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

8.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

9.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

10.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11.     Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated:  __September 1, 2020_____

BETH LABSON FREEMAN
United States District Judge

Order of Svc
PRO-SE\BLF\CR.19\07938Lucus_svc

7